**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6613**

RODNEY PARKER,

             Plaintiff - Appellant,

     v.

WARDEN STEVENSON; MAJ. SUTTON; CPT. WASHINGTON; LT. SYLVIA
JACKSON; SGT. ESTERLINE; SGT. J. C. WILLIAMS; OFC. BECKETT;
OFC. MCCOY; OFC. SUAREZ; OFC. DOOLEY; NURSE K. MCCULLOUGH;
NURSE JANE DOE,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Terry L. Wooten, Chief District
Judge.  (5:13-cv-02795-TLW)

Submitted:  August 31, 2015        Decided:  September 23, 2015

Before AGEE and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Rodney Parker, Appellant Pro Se.   Drew  Hamilton  Butler,
Charleston, South Carolina, Carmen Vaughn Ganjehsani, Caleb
Martin Riser, RICHARDSON PLOWDEN & ROBINSON, P.A., Columbia,
South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Parker appeals the district court's order accepting the recommendation of the magistrate judge and granting Defendants' motion for summary judgment and denying relief on his 42 U.S.C. § 1983 (2012) complaint. Parker's complaint raises Eighth Amendment excessive force, cruel and unusual punishment, and deliberate indifference claims. In his complaint, Parker alleges that (1) an extraction team of correctional officers beat him and used excessive force when removing him from his cell and placing him in a restraint chair; (2) his placement in a control cell without clothing, utensils, bedding, or a mattress for an extended period of time constituted cruel and unusual punishment and deliberate indifference; and (3) Defendants were deliberately indifferent for not providing adequate medical care for swelling in his lower extremities.

The district court granted Defendants' motion for summary judgment, adopting the magistrate judge's report and recommendation that concluded that (1) the extraction team used reasonable force when removing Parker; (2) the record did not substantiate Parker's claim that the extraction team members beat him; (3) Defendants acted reasonably in placing Parker in a control cell given his conduct and history of prison violations;

3

(4) medical records demonstrated that prison officials repeatedly evaluated Parker's medical condition; and (5) Eleventh Amendment immunity barred Parker's claims against Defendants in their official capacities. We affirm in part, vacate in part, and remand for further proceedings.

"We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). Where the moving party makes an initial showing that there is no genuine issue of material fact, the nonmoving party must "go beyond the pleadings" and rely on some form of evidence, including affidavits, to demonstrate that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

Turning first to Parker's excessive force claim, "the Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials . . . [,] forbid[ding] 'the unnecessary and wanton infliction of pain.'" Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam)). In analyzing an excessive force claim, we first inquire "whether the prison official acted with a sufficiently culpable state of mind (subjective component) ." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008). "[T]he 'core judicial inquiry' regarding the subjective component of an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. at 239 (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

We hold that the magistrate judge's report and recommendation, adopted by the district court, contains three errors necessitating remand. First, the magistrate judge used an incorrect standard to review the subjective component of Parker's excessive force claim, a standard that incorrectly considered the "extent of the injury inflicted." As the Supreme Court held in Wilkins, there is no "significant injury"

5

threshold to sustain an excessive force claim because a de minimis injury, if the product of malicious and sadistic use of force, can sustain the claim. Wilkins, 559 U.S. at 37-38 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Id. at 38.). Accordingly, even assuming, as the magistrate judge concluded, that Parker sustained only bruising, redness, and scratches, the lack of further injury does not bar Parker from prevailing if those injuries were the result of the extraction team beating Parker or maliciously and sadistically overtightening his restraints. On remand, the district court should consider the following four nonexclusive factors when analyzing the subjective component of Parker's excessive force claim:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.

Iko, 535 F.3d at 239 (quoting Whitley, 475 U.S. at 321).

Second, and a product of the first error, the magistrate judge's report and recommendation placed too much weight on the injuries it concluded Parker sustained when determining the extent of the force used by the extraction team. In determining

6

the amount of force used and whether the force was excessive, "the nature of the force, rather than the extent of the injury, is the relevant inquiry." Hill, 727 F.3d at 321. As highlighted by the Supreme Court, although "the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation," injuries and the force used are "imperfectly correlated." Wilkins, 559 U.S. at 37-38. Accordingly, while Parker's injuries are relevant to determining whether there is a genuine issue of material fact regarding the force used by the extraction team, the existence of a genuine issue of material fact does not rise and fall on this consideration alone.

Third, the magistrate judge's report and recommendation, in concluding that the record did not substantiate Parker's allegations, failed to view the facts and the inferences drawn therefrom in the light most favorable to Parker. See Bonds, 629 F.3d at 380. To support his claim that the extraction team beat him and used excessive force, Parker proffered (1) an affidavit attesting that when "officers entered [his] cell they commenced to beating [him] severely" and that they punched, kicked, choked, and dropped knees on him; (2) a prison grievance he submitted detailing his injuries in a manner consistent with the

allegations in his affidavit; and (3) an affidavit from a fellow inmate who attested that he could hear the extraction team beating Parker and that Parker was "moaning and groaning." Although several pieces of evidence offered by Defendants may significantly draw into question Parker's allegations, a district court has limited ability to discount evidence offered by a nonmoving party in support of his allegations. See Scott, 550 U.S. at 378-80 (noting that courts usually must adopt the plaintiff's version of events for purposes of summary judgment except where evidence "blatantly contradicted" nonmoving party's allegations and permits grant of summary judgment).

Because the district court did not apply the correct standard when viewing the record, it is possible that a genuine issue of material fact exists with respect to the amount of force and the reasonableness of the force used by the extraction team. Accordingly, on remand, the district court should consider not whether the record substantiates the evidence put forward by Parker but whether the record, including the videotape offered by Defendants (but not made part of the record) and any other evidence the parties may present on remand, "blatantly contradict[s]" the evidence Parker proffered. Having noted the above errors in the district court's summary judgment analysis, we vacate the district court's grant of

8

summary judgment with respect to Parker's excessive force claim against the extraction team in their individual capacities and remand for further proceedings.[1]

We next turn to Parker's cruel and unusual punishment and deliberate indifference claims stemming from the conditions of his confinement in a control cell. The Eighth Amendment "provides protection with respect to 'the treatment a prisoner receives in prison and the conditions under which he is confined.'" Shakka v. Smith, 71 F.3d 162, 165 (4th Cir. 1995) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). For Parker to prevail on his claims stemming from the conditions of his confinement, he "must prove (1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (emphasis and brackets omitted). However, unlike an excessive force claim that may be sustainable where only a de minimis injury resulted, "[o]nly an extreme deprivation, that is, a serious or significant physical or

---

[1] We affirm the district court's grant of summary judgement to the extraction team in their official capacities because Eleventh Amendment sovereign immunity bars suit and recovery from the state "even though individual officials are nominal defendants." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

9

emotional injury resulting from the challenged conditions, or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging the conditions of confinement." Id.

In an effort to satisfy this objective component, Parker first alleges that he suffered mental and emotional problems from his confinement in the control cell. Parker's one line allegation, however, is conclusory and fails to sufficiently allege any specific mental or psychological condition that was caused or aggravated by his time in the control cell. Parker's bald assertion that he suffered mental and emotional problems from his confinement in the control cell is insufficient to demonstrate a serious or significant emotional injury adequate to survive summary judgment. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (holding "[c]onclusory or speculative allegations do not suffice" to demonstrate a genuine issue of material fact).

Second, Parker alleges that he suffered swelling in his lower extremities because Defendants refused him a mattress in the control cell. The uncontroverted record shows that, over a month after being placed in the control cell, Parker presented to the prison medical staff with diffuse edema in his lower extremities. X-rays of Parker's lower extremities confirmed the

diagnosis of diffuse level 1-2+ edema but showed no injury to any of his bones, no evidence of trauma, and no evidence of osseous abnormalities. Finally, medical records submitted by Defendants and Parker demonstrate that Parker received Tylenol and Lasix for the swelling, which resolved within 11 days of Parker reporting the condition to prison medical staff. Accordingly, although the swelling Parker experienced is a physical injury arguably stemming from the conditions of his confinement, it is not a "serious or significant" physical injury capable of sustaining an Eighth Amendment claim based on conditions of confinement.

Therefore, although we vacate the district court's grant of summary judgment with respect to Parker's excessive force claim against Defendants in their individual capacities, we affirm the district court's grant of summary judgment with respect to Parker's excessive force claim against Defendants in their official capacities and with respect to his cruel and unusual punishment and deliberate indifference claims stemming from his conditions of confinement.[2] We dispense with oral argument

---

[2] We also affirm the district court's grant of summary judgment to Nurse K. McCullough and Nurse Jane Doe because Parker does not present any arguments in his informal brief regarding why the tests and treatments administered by prison medical staff did not satisfy Eighth Amendment requirements. (Continued)

11

because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

See 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief.").